IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIO RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>a Delaware corporation;<br><br>Defendant. | 4:24CV3185<br><br>**FIRST AMENDED FINAL PROGRESSION ORDER** |

This matter is before the court on the parties' Joint Motion to Amend Case Progression Order. (Filing No. 19). For good cause shown, that motion is granted.

Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is September 1, 2025. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by September 15, 2025.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

2) The deadlines for complete expert disclosures[1] for all experts expected to

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is September 1, 2025.

3)  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is December 1, 2025.

4)  The deadline for filing motions to dismiss and motions for summary judgment is January 13, 2026.

5)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is October 30, 2025.

6)  Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 2nd day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge